IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

RONALD GLENN THOMPSON,

        Case No. 2:13-cv-01984-HZ

        Petitioner,

    v.

MARK NOOTH,

        OPINION AND ORDER

        Respondent.

Michelle Sweet, Assistant Federal Public Defender
101 S.W. Main Street, Suite 1700
Portland, Oregon 97204

    Attorney for Petitioner

Ellen F. Rosenblum, Attorney General
Samuel A. Kubernick, Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, Oregon 97310

    Attorneys for Respondent

1 - OPINION AND ORDER

HERNANDEZ, District Judge.

Petitioner brings this habeas corpus case pursuant to 28 U.S.C. § 2254 challenging the legality of his state-court convictions for Robbery. For the reasons that follow, the Amended Petition for Writ of Habeas Corpus (#22) should be denied.

## BACKGROUND

In August 2009, petitioner attempted to steal a bottle of lice shampoo from Hirons, a drug store in Eugene. When he was spotted by two store employees, he threatened them with a knife and ultimately escaped. The Lane County Grand Jury indicted petitioner on two counts of Robbery in the First Degree, two counts of Menacing, and one count of Interfering with a Peace Officer. Respondent's Exhibit 102.

Petitioner had also been charged in five other criminal cases where he faced an aggregate sentencing exposure of 108 months in prison. He ultimately executed a plea deal in the August 2009 Lane County robbery case wherein he resolved all outstanding charges against him. Petitioner pleaded guilty to two counts of Robbery in the First Degree and received a sentence totaling 120 months in prison. In exchange, the State dropped all other pending charges against him in all six cases.

Petitioner took a direct appeal, but that case was ultimately dismissed on jurisdictional grounds when petitioner failed to respond to an order of the Appellate Commissioner requiring him to

2 - OPINION AND ORDER

present a colorable claim of error.   Respondent's Exhibit 107.

Petitioner did not seek review in the Oregon Supreme Court.

Petitioner next filed for post-conviction relief ("PCR") in

Malheur   County   where   the   PCR   trial   court   denied   relief.

Respondent's   Exhibit   140.   During   the   subsequent   appeal,

petitioner's attorney presented the Oregon Court of Appeals with a

*Balfour* Brief, and petitioner provided claims in a Section B

portion of the Brief.[1]   The Oregon Court of Appeals affirmed the

lower court's decision without issuing a written opinion, and the

Oregon Supreme Court denied review.   *Thompson v. Nooth*, 256 Or.

App. 760, 302 P.3d 1218, *rev. denied* 353 Or. 868, 306 P.3d 640

(2013).

Petitioner filed this federal habeas corpus action on November

7, 2013 and the court appointed counsel to assist him.   With the

assistance of counsel, he filed an Amended Petition on May 14, 2014

wherein he raises the following grounds for relief:

> 1.   Petitioner's   constitutional   right   to
>      adequate   and   effective   assistance   of
>      counsel was violated due to the numerous
>      instances   of   profession   negligence   and
>      malfeasance   on   the   part   of   trial   and
>      appellate counsel, most notably in regard

---

[1] The *Balfour* procedure provides that counsel need not
ethically withdraw when faced with only frivolous issues.
Rather, the attorney may file Section A of an appellant's brief
containing a statement of the case sufficient to "apprise the
appellate court of the jurisdictional basis for the appeal."
*State v. Balfour*, 311 Or. 434, 451, 814 P.2d 1069 (1991).   The
defendant may then file the Section B segment of the brief
containing any assignments of error he wishes.   *Id* at 452.

to trial counsel inadequately investigating the case and then incorrectly influencing petitioner, directly and indirectly, to enter into a plea agreement that he would not and should not have ordinarily entered into.

2.  Petitioner was denied his right to the effective assistance of counsel when his trial attorney failed to:

(A) Investigate the witnesses and facts of the incident at the Hirons store;

(B) Accurately advise Petitioner regarding the factual and legal basis needed to support a Robbery in the first degree conviction;

(C) Accurately advise Petitioner about the potential sentences he could receive if he went to trial;

(D) Provide relevant information in regards to the plea offer; and

(E) Object to the state's violation of the plea agreement.

3.  Petitioner was denied the effective assistance of counsel when his appellate attorney failed to:

(A) File an appeal on his behalf; and

(B) Recognize and raise the meritorious claim that the state breached the plea agreement.

4.  The State violated petitioner's due process rights under the Fifth, Sixth, Eighth, and/or Fourteenth Amendment when it breached the plea agreement.

Amended Petition (#22), pp. 4-5.

4 - OPINION AND ORDER

Respondent asks the court to deny relief on the Amended Petition because: (1) petitioner failed to fairly present Ground Two (E) and Ground Three to Oregon's state courts, leaving them procedurally defaulted; (2) petitioner does not provide argument in support of Ground Two (A) and Ground Four; and (3) the PCR trial court denied petitioner's remaining claims in a state-court decision that was not objectively unreasonable, and that is entitled to deference from this court.

## DISCUSSION

### I.   Exhaustion and Procedural Default

A habeas petitioner must exhaust his claims by fairly presenting them to the state's highest court, either through a direct appeal or collateral proceedings, before a federal court will consider the merits of those claims. *Rose v. Lundy*, 455 U.S. 509, 519 (1982). "As a general rule, a petitioner satisfies the exhaustion requirement by fairly presenting the federal claim to the appropriate state courts . . . in the manner required by the state courts, thereby 'affording the state courts a meaningful opportunity to consider allegations of legal error.'" *Casey v. Moore*, 386 F.3d 896, 915-916 (9th Cir. 2004) (quoting *Vasquez v. Hillery*, 474 U.S. 254, 257, (1986)). If a habeas litigant failed to present his claims to the state courts in a procedural context in which the merits of the claims were actually considered, the claims have not been fairly presented to the state courts and are

5 - OPINION AND ORDER

therefore not eligible for federal habeas corpus review.  *Edwards v. Carpenter*, 529 U.S. 446, 453 (2000); *Castille v. Peoples*, 489 U.S. 346, 351 (1989).

A petitioner is deemed to have "procedurally defaulted" his claim if he failed to comply with a state procedural rule, or failed to raise the claim at the state level at all.  *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000); *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).  If a petitioner has procedurally defaulted a claim in state court, a federal court will not review the claim unless the petitioner shows "cause and prejudice" for the failure to present the constitutional issue to the state court, or makes a colorable showing of actual innocence.  *Gray v. Netherland*, 518 U.S. 152, 162 (1996); *Sawyer v. Whitley*, 505 U.S. 333, 337 (1992); *Murray v. Carrier*, 477 U.S. 478, 485 (1986).

As Ground Two (E), petitioner alleges that his trial attorney failed to object to the State's purported violation of the plea agreement.  As Groung Three, petitioner claims that he was the victim of ineffective assistance of appellate counsel when that attorney did not file an appeal and failed to raise his claim that the State had breached its plea agreement.  While petitioner asserted in his PCR Petition that his trial and appellate attorneys failed him when the State changed the terms of the plea agreement, he did not pursue these claims during his PCR appeal.  Respondent's Exhibits 108, 141.  Accordingly, petitioner failed to fairly

6 - OPINION AND ORDER

present these claims to Oregon's state courts.  Because the time
for presenting these issues passed long ago, they are now
procedurally defaulted.

## II.  The Merits

### A.  Standard of Review

An application for a writ of habeas corpus shall not be
granted unless adjudication of the claim in state court resulted in
a decision that was: (1) "contrary to, or involved an unreasonable
application of, clearly established Federal law, as determined by
the Supreme Court of the United States;" or (2) "based on an
unreasonable determination of the facts in light of the evidence
presented in the State court proceeding."  28 U.S.C. § 2254(d).  A
state court's findings of fact are presumed correct, and petitioner
bears the burden of rebutting the presumption of correctness by
clear and convincing evidence.  28 U.S.C. § 2254(e)(1).

A state court decision is "contrary to . . . clearly
established precedent if the state court applies a rule that
contradicts the governing law set forth in [the Supreme Court's]
cases" or "if the state court confronts a set of facts that are
materially indistinguishable from a decision of [the Supreme] Court
and nevertheless arrives at a result different from [that]
precedent."  *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000).
Under the "unreasonable application" clause, a federal habeas court
may grant relief "if the state court identifies the correct

7 - OPINION AND ORDER

governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id* at 413. The "unreasonable application" clause requires the state court decision to be more than incorrect or erroneous. *Id* at 410. The state court's application of clearly established law must be objectively unreasonable. *Id* at 409.

## B.   Unargued Claims

In his briefing, petitioner focuses on the performance of his trial attorney pertaining to the entry of his guilty pleas. These argued claims correspond to Ground One and Grounds Two (B), (C), and (D). He does not support Ground Two (A) and Ground Four with argument.[2] Petitioner has not carried his burden of proof with respect to these unargued claims. *See Silva v. Woodford*, 279 F.3d 825, 835 (9th Cir. 2002) (petitioner bears the burden of proving his claims). Even if petitioner had briefed the merits of these claims, the court has examined them based upon the existing record and determined that they do not entitle him to relief.

## C.   Argued Claims

In his remaining claims, petitioner contends that counsel misadvised him regarding the potential sentence he faced if he went to trial, leading to a guilty plea that was not knowing and

---

[2] To the extent a portion of petitioner's Ground Two (A) claim can be read to fault counsel for not adequately investigating the facts of the case as they might impact petitioner's sentencing exposure, the court views such a claim as subsumed within petitioner's argued claims.

8 – OPINION AND ORDER

voluntary.   Specifically, petitioner argues that although Oregon law supported neither departure sentences nor consecutive sentences for the Robbery charges he faced, his trial attorney advised him that these were legitimate possibilities such that he faced the possibility of a 30-year sentence.

Because no Supreme Court precedent is directly on point that corresponds to the facts of this case, the court uses the general two-part test established by the Supreme Court to determine whether petitioner received ineffective assistance of counsel.  *Knowles v. Mirzayance*, 556 U.S. 111, 122-23 (2009).   First, petitioner must show that his counsel's performance fell below an objective standard of reasonableness.   *Strickland v. Washington*, 466 U.S. 668, 686-87 (1984).   Due to the difficulties in evaluating counsel's performance, courts must indulge a strong presumption that the conduct falls within the "wide range of reasonable professional assistance."  *Id* at 689.

Second, petitioner must show that his counsel's performance prejudiced the defense.   The appropriate test for prejudice is whether the petitioner can show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  *Id* at 694. In proving prejudice, a petitioner who has pled guilty or no contest to an offense must demonstrate that there is a reasonable probability that, but for counsel's errors, he would not have

9 - OPINION AND ORDER

entered such a plea and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). When *Strickland's* general standard is combined with the standard of review governing 28 U.S.C. § 2254 habeas corpus cases, the result is a "doubly deferential judicial review." *Mirzayance*, 129 S.Ct. at 1420.

Trial counsel submitted three affidavits during the course of the PCR trial in which he recalled informing petitioner that: (1) the State would likely seek departure sentences based upon his lengthy criminal history; (2) he was facing a 30-year sentence, as well as criminal exposure in five other cases; (3) while petitioner claimed he had thrown the shampoo bottle at his pursuers prior to brandishing the knife, that was not visible from the video evidence and not consistent with the versions of the store employees who confronted him; (4) given his lengthy criminal record, petitioner was effectively precluded from taking the stand; (5) where petitioner could not take the stand and had no witnesses or other evidentiary support, he was going to be convicted and sentenced to at least 15 years in prison. Respondent's Exhibits 116, 127, 138. According to counsel, the trial judge presiding over the case informed petitioner that he would receive a minimum prison sentence of 15 years if he proceeded to trial, that 10 years was a "gift" and that "other judges would give him 15 years without blinking an eye." Respondent's Exhibit 116, p. 1; Respondent's Exhibit 138, p. 1.

10 - OPINION AND ORDER

Following the development of the record, the PCR trial court
rejected petitioner's claims in a hand-written opinion:

> This was a negotiated plea. At time of plea,
> instead of straight time, deal amended to
> probation that is shorter than penit.
> sentence. Outcome the same as original deal.
> Neither att or petitioner in any way objected
> to change. DA would have had to give notice of
> departure factors, but not yet time of trial
> and still could have, no proof wouldn't.
> Factual dispute on timing of weapon and
> possession of merchandise. Victims statements
> to police supports both counts of Rob I. No
> grounds to dismiss as o[pposed to move] for j.
> of a. Attorney discussed cont[ents of
> video. . . .]
>
> Delivery case is based on possession w/intent
> to deliver. Pet. has significant record which
> could easily have been 'persistent
> involvement' Attorney properly warned of
> sentences possibilities. Pet. could have
> received consecutive sentences, depending on
> trial evidence. Plea deal was a known number,
> less than possible sentence if Rob. case went
> bad. Cleared all other cases. Plea was
> knowing, voluntary, intelligently made.
> Insufficient evidence of any other claims. No
> inadequacy, no prejudice.

Respondent's Exhibit 140, pp. 1-2.

Petitioner argues that this court owes no deference to the
decision of the PCR trial court because its decision unreasonably
applied federal law. He contends that under Oregon law, he could
not have been subjected to departure sentences where his prior
crimes were categorically different than the robbery charges, and
where his supervision status alone would not be a valid basis for
an upward departure. He also asserts that the facts of his case

11 - OPINION AND ORDER

did not support the imposition of consecutive sentences where he did not brandish his knife until after he had thrown the shampoo bottle back to the drug store employees such that the employees were only witnesses, not victims. He maintains that even if he had been convicted of both robberies, Oregon law capped his sentencing exposure at 20 years, not the 30 years counsel advised him was a possibility.

As recounted above, the PCR trial court specifically determined that petitioner's criminal record could easily support a finding of persistent involvement under Oregon law to justify departure sentences. Similarly, the PCR trial court concluded that the imposition of consecutive sentences under Oregon law was possible in this case, depending on the evidence adduced at trial. Where the two drug store employees told police that petitioner threatened them with a knife before relinquishing the shampoo bottle thus rendering them victims of the robbery under Oregon law, and where the employees would have been viewed as more credible than petitioner at any trial, imposition of consecutive sentences was a distinct possibility. Respondent's Exhibit 128, p. 10; ORS 164.395.

More importantly, the PCR trial court's determinations pertaining to the application of Oregon state law to the facts of petitioner's case are not subject to review in this court. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("[W]e reemphasize that it is

12 - OPINION AND ORDER

not the province of a federal habeas court to reexamine state-court determinations on state-law questions."). Accordingly, where the imposition of consecutive departure sentences was possible under Oregon law given the particular facts of petitioner's case, counsel's performance did not fall below an objective standard of reasonableness when he advised petitioner that he could be subjected to consecutive departure sentences if he proceeded to trial.

Moreover, the PCR trial court properly noted that petitioner faced additional sentencing exposure in a number of other criminal cases. Where he faced 108 months' imprisonment in the separate criminal actions, resolving all outstanding charges against him in exchange for a 120-month sentence was highly favorable to him. This is especially true where the evidence overwhelmingly favored the prosecution in the robbery case. Thus, even if petitioner is correct that he faced no greater sentence than 20 years on the robbery charges such that counsel misadvised him with the 30-year figure, he cannot reasonably assert that but for that erroneous advice, he would have rejected the 10-year plea offer and insisted on proceeding to a trial where he had no defense and where such an option would not have resolved the other five criminal actions pending against him at the time. As such, he is unable to demonstrate prejudice. For all of these reasons, the court the PCR

13 - OPINION AND ORDER

trial court's decision is neither contrary to, nor an unreasonable application of, clearly established federal law.

### CONCLUSION

For the reasons identified above, the Amended Petition for Writ of Habeas Corpus (#22) should be DENIED. The court declines to issue a Certificate of Appealability on the basis that petitioner has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

DATED this __23__ day of March, 2015.

Marco A. Hernandez
United States District Judge

14 - OPINION AND ORDER